UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


KIM L. KENEE,                                    :
                                                 :
                        Plaintiff                :
                                                 :        CIVIL NO. 3:CV-04-2623
            -vs-                                 :
                                                 :        (Judge Kosik)
                                                 :
JOANNE B. BARNHART,                              :
Commissioner of Social Security,                 :
                                                 :
                        Defendant                :


# MEMORANDUM

Before the court is a dispute concerning a decision by the Commissioner of Social Security in which the Commissioner denied the plaintiff's claims for Childhood Disability Benefits (CDB) and Supplemental Security Income (SSI).  The record is being reviewed pursuant to 42 U.S.C. § 405(g) to determine whether there is substantial evidence to support the Commissioner's decision.   The matter was assigned to United States Magistrate Judge Thomas M. Blewitt and appropriate briefs were filed.  In a Report and Recommendation filed December 8, 2005, the Magistrate Judge found that the Commissioner's decision was supported by substantial evidence and recommended that the plaintiff's appeal be denied.  The plaintiff filed objections to the Magistrate Judge's Report and Recommendation.  Defendant filed a brief in response.  For the reasons that follow, we will adopt the Report and Recommendation of the Magistrate Judge and affirm the findings of the Commissioner.

1

I.    **BACKGROUND**

The plaintiff, Kim L. Kenee ("Plaintiff"), filed an application for CDB and SSI on November 21, 2002.  Plaintiff alleged that she became disabled on January 31, 2001, due to bipolar and learning disorders and chronic fatigue syndrome.  Plaintiff's claim was initially denied and a hearing was requested.  A hearing was held before an Administrative Law Judge ("ALJ") on November, 4 2003.  On February 13, 2004, the ALJ found that plaintiff was not disabled and issued a decision denying benefits.   (R. 18-26). Subsequently, Plaintiff requested review of the decision by the Appeals Council.  Her request for review was denied on October 6, 2004.  (R. 7-9).

Plaintiff filed her Complaint in this court on December 6, 2004.  Appropriate briefs were filed in support of and in opposition to Plaintiff's appeal.  On December 8, 2005, Magistrate Judge Thomas M. Blewitt issued a Report and Recommendation wherein he recommended that Plaintiff's appeal be denied.  On December 21, 2005, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation and a brief in support thereof.  The defendant filed a response thereto on January 4, 2006.

Ms. Kenee posits just one argument in objection to Magistrate Judge Blewitt's Report and Recommendation.   Plaintiff asserts that the Magistrate Judge erred in determining that substantial evidence supported the ALJ's finding that Plaintiff is not disabled.  Specifically, Plaintiff argues that the ALJ impermissibly substituted her own judgment for that of the medical providers whose records were presented.  We will review Plaintiff's objection to the Report and Recommendation of the Magistrate Judge in light of the instant record.

2

## II.     DISCUSSION

### A.     Standard of Review

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.3.  Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

When a claimant appeals from a final decision by the Commissioner of the Social Security Administration, the district court should uphold the Commissioner's decision if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *Stunkard v. Secretary of Health and Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion.  *Plummer*, 186 F.3d at 427.  It is less than a preponderance of the evidence but more than a mere scintilla.  *Id.*

### B.     Evaluation Process

A five-step evaluation process is used to determine whether a person is eligible for disability benefits.  *See* 20 C.F.R. § 404.1520.  If it is found that a claimant is disabled or not disabled at any point in the sequence, review does not proceed any further beyond that step in the sequence.  20 C.F.R. § 404.1520.

The first step of the process requires a claimant to establish that she has not engaged in "substantial gainful activity."   *See* 20 C.F.R. § 404-1520.   The second step involves a determination of whether the claimant has a severe impairment.   At the third step, the Commissioner evaluates whether the claimant's impairments or combination of impairments meet or equal those listed in Appendix 1, Subpart P, Regulation No. 4.

If it is determined that the claimant's impairments do not meet or equal a listed impairment, the Commissioner must continue on to the fourth step in the sequential evaluation process and consider whether the claimant has the residual functional capacity to perform past relevant work.   If the claimant establishes that she is unable to perform past relevant work, then the burden of proceeding shifts to the Commissioner to demonstrate that other jobs exist in significant numbers in the national economy that the claimant is able to perform, consistent with her medically determinable impairments, functional limitations, age, education and work experience.   *See* 20 C.F.R. § 404.1520(a). This is the final step in the evaluation of a claimant's disability.

### C.    ALJ's Findings

In applying the evaluation process in this case, the ALJ found that: (1) Ms. Kenee had not engaged in substantial gainful activity since her alleged onset date[1]; (2) Plaintiff's impairments were severe within the meaning of the Regulations[2]; (3)  none of Plaintiff's impairments were of sufficient severity to meet or medically equal any of the impairments

---

[1]    *See* R. 25; Finding 2.

[2]    *See* R. 25; Finding 3.

4

listed in Appendix 1, Subpart P, Regulation No. 4;[3] (4) Plaintiff's allegations regarding her limitations were not totally credible;[4] (5) Plaintiff has the residual functional capacity to perform light routine repetitive unskilled work involving one to two step job operations;[5] (6) there are a significant number of jobs in the national economy that Plaintiff can perform;[6] and, (7) Plaintiff was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision.[7]

### D.    Analysis Of Plaintiff's Objection

Plaintiff asserts that the Magistrate Judge erred in determining that substantial evidence supported the ALJ's finding that Plaintiff is not disabled.  Specifically, Plaintiff argues that the ALJ impermissibly substituted her own judgment in place of the opinions proffered by treating and consulting physicians and psychologists.  Plaintiff complains that the ALJ interpreted the notes and data in the medical reports of various providers and inferred from them her own opinion of Plaintiff's capabilities, rather than accepting the providers' ultimate opinions of Plaintiff's limitations.  She contends that the ALJ gave only limited weight to the opinions of Dr. Schneider, Ms. Light, Dr. Del Rosario, and Dr. Tanner, and that the ALJ found no medical provider's opinion concerning the nature of Plaintiff's mental impairments worthy of significant weight.

---

[3]    *See* R. 25; Finding 4.

[4]    *See* R. 25; Finding 5.

[5]    *See* R. 25; Finding 7.

[6]    *See* R. 26; Finding 13.

[7]    *See* R. 26; Finding 14.

Plaintiff suggests that after the ALJ disregarded all medical opinions, she should not have made a decision denying benefits.  Rather, the ALJ should have pursued one of four options: (1) re-contact one or more of the providers; (2) order a consultative examination; (3) obtain testimony from an impartial medical expert; or, (4) accord the greatest weight to the opinion of the state agency consultant that reviewed the medical records available before the state agency denied Plaintiff's claim.  Plaintiff concludes that the matter should be remanded to the Commissioner to find the Plaintiff disabled or, in the alternative, to hold additional administrative proceedings.  Plaintiff is in error.

When reviewing a claim for disability, an ALJ may not simply substitute her own medical opinion while disregarding the opinions of the medical providers included in the file.  The Third Circuit held that, "an ALJ is not free to set his own expertise against that of a physician who presents competent evidence.  Again, if the ALJ believed that [the medical provider's] reports were conclusory or unclear, it was incumbent upon the ALJ to secure additional evidence from another physician." *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).  In cases of alleged psychological disability, the ALJ's own observations of a claimant's behavior is "entitled to little or no weight." *Van Horn v. Schweiker*, 717 F.2d 871, 874 (3d Cir. 1983) (quoting *Kelly v. Railroad Retirement Bd.*, 625 F.2d 486, 494 (3d Cir. 1980)).  "While the ALJ is, of course, not bound to accept physicians' conclusions, he may not reject them unless he first weighs them against other relevant evidence and explains why certain evidence has been accepted and why other evidence has been rejected." *Kent v. Schweiker*, 710 F.2d 110, 115 n.5 (3d Cir. 1983).  "An administrative law judge may not reject professional medical evidence on the basis of his own observation." *Kelly*, 625 F.2d

at 494.

In the instant case, the file includes the records and opinions of various medical providers.   Among the records are those from Plaintiff's treating physicians Dr. David Tanner and Dr. Vivencio Del Rosario, records from treatment received at Holy Spirit Hospital, and from a nurse at the Hospital, B. Kari Light, BSRN.   Consultative Exams were performed by Pravin Gadani, M.D., and psychologist, Stanley E. Schneider, Ed.D., on February 7, 2002 and March 5, 2003, respectively.  (R. 104-106 and 320-323).  Dr. Gadani determined that Plaintiff suffered from minimal depression, while Dr. Schneider provided a prognosis of "fair."  (R. 106 and 323).   In a Psychiatric Review Technique Form (PRTF) completed on March 8, 2002, Maria Reis, M.D., concluded that Plaintiff's statement of functional limitations due to mental impairment was not wholly credible.  (R. 119).  Finally, the record before us includes a Residual Functional Capacity Assessment (RFCA) and a second PRTF dated March 14, 2003, both completed by Salvatore Cullari, Ph,.D.  (R. 372-344).   Dr. Cullari concluded that Plaintiff retained the ability to understand and follow simple or moderately complex instructions.  (R. 343).

A review of the ALJ's Decision reveals that she gave limited weight to Dr. Tanner's opinion that Plaintiff was unable to work due to her mental impairments, therapist, Ms. Light's opinion regarding Plaintiff's inability to work, the opinion of Dr. Del Rosario that Plaintiff is incapacitated by chronic fatigue syndrome and bipolar disorder, and Dr. Schneider's opinion that Plaintiff had only a fair ability to make occupational and performance adjustments.   The ALJ explained that limited weight was given to those opinions where they appeared to conflict with progress notes and other findings contained within the reports of the above doctors and therapists.  Moreover, the ALJ noted that the

7

opinions as to Plaintiff's inability to work conflicted with the discharge report from Holy Spirit Hospital of September 29, 2003, and the observations and opinion of Dr. Gadani, who performed a consultative exam on February 7, 2002.  As Plaintiff correctly asserts, the ALJ failed to reference Dr. Cullari's RFCA or PRTF in making her determination of Plaintiff's residual functional capacity.

The ALJ's determination of Plaintiff's residual functional capacity is supported by substantial evidence.  The ALJ cited relevant evidence that a reasonable mind might accept as adequate to support the conclusion that Plaintiff retains the ability to perform routine repetitive unskilled work.  *See Plummer*, 186 F.3d at 427.  The ALJ gave little weight to the opinions of several medical providers based upon inconsistencies between observations made by the providers and their ultimate conclusions.  She further relied on the September 29, 2003, Holy Spirit Hospital discharge report and the opinion of Dr. Gadani, both of which conflicted with the opinions that were afforded less weight.  Notably, the ALJ did not substitute her own medical opinion while disregarding the opinions of the accepted medical providers included in the file.  The section of the ALJ's Decision concerning Plaintiff's residual functional capacity is devoid of any indicators that the ALJ impermissibly rejected professional medical evidence on the basis of her own observations.  The fact that the ALJ failed to cite to Dr. Cullari's March 14, 2003, RFCA and PRTF, both which weighed decidedly against a finding of "disabled," is of no consequence as we have determined that the ALJ's determination was supported by substantial evidence in the form of other medical reports and opinions.

III.    **CONCLUSION**

We agree with Magistrate Judge Blewitt's conclusion that the decision of the Commissioner is supported by substantial evidence.  Plaintiff's sole objection, that the ALJ erred in her determination of Plaintiff's residual functional capacity, is without merit.  The ALJ did not disregard all medical opinions presented to her.  The ALJ's decision to give only limited weight to the opinions of Dr. Schneider, Ms. Light, Dr. Del Rosario, and Dr. Tanner, and her conclusion that Plaintiff retained the ability to perform routine repetitive unskilled work, were supported by substantial evidence in the form of the contradicting opinion of Dr. Gadani, the Holy Spirit Hospital discharge report, and the notes and observations of the providers themselves.  Because we find no merit to Plaintiff's objection, we will adopt the recommendation of the Magistrate Judge that Plaintiff's appeal be denied. An appropriate Order is attached.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM L. KENEE, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-04-2623 |
| -vs- | : | |
| | : | (Judge Kosik) |
| | : | |
| JOANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 14th day of February, 2006, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Thomas M. Blewitt

dated December 8, 2005, is **ADOPTED**:

(2) the plaintiff's appeal is **DENIED**;

(3) the decision of the Commissioner is **AFFIRMED**; and,

(4) the Clerk of Court is directed to **CLOSE** this case and to forward a copy of

this Memorandum and Order to the Magistrate Judge.

_____    s/Edwin M. Kosik_____
                                            United States District Judge